United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD GLOVER,<br>Plaintiff,<br>v.<br>WELLS FARGO BANK N.A, et al.,<br>Defendants. | Case No. 26-mc-80264-TSH<br><br>**ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 1 |

## I. INTRODUCTION

Plaintiff Chad Glover filed this miscellaneous action seeking an order to show cause why non-party Wells Fargo Bank, National Association should not be held in civil contempt for failure to comply with a subpoena issued in the underlying action, *Glover v. Sea Ern LLC, et al.*, Case No. 2:25-cv-02385-TL, pending in the United States District Court for the Western District of Washington. ECF No. 1. For the reasons stated below, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

## II. BACKGROUND

The underlying action is an admiralty action concerning Glover's claim for marine salvage of the F/V Sea Ern, a 125-foot fishing vessel that was sinking in Alaskan waters. Mot. at 2, ECF No. 1-1. According to Glover, approximately two years before the casualty, Sea Ern LLC obtained a preferred ship mortgage from Wells Fargo and, in connection with obtaining that mortgage, represented to Wells Fargo that the vessel was valued at approximately $2.5 million to $3 million. *Id.* Glover contends that records associated with the Wells Fargo vessel mortgage are probative of the vessel's value in the underlying action. *Id.*

On June 22, 2026, Glover's counsel caused a subpoena duces tecum to be issued from the

United States District Court for the Western District of Washington and directed to Wells Fargo. Jacobsen Decl. ¶ 3, ECF No. 1-5. The subpoena identifies the underlying action as *Chad Glover v. Sea Ern LLC*, No. 2:25-cv-02385-TL. *Id.* & Ex. A, ECF No. 1-6. The subpoena commanded Wells Fargo to produce documents on July 15, 2026, at the offices of McGuinn, Hillsman & Palefsky, 220 Jackson Street, Suite 350, San Francisco, California 94111. *Id.* ¶ 4 & Ex. A. The subpoena seeks documents relating to Wells Fargo's 2023 preferred ship mortgage on the F/V Sea Ern. *Id*. Specifically, Glover seeks documents and communications concerning the value of the F/V Sea Ern in connection with the mortgage, including documents concerning the value attributed to the vessel by Wells Fargo or Sea Ern LLC. *Id*. The subpoena also seeks credit-enhancement documentation, including personal loan guarantees, covenants supporting any credit-enhancement agreement, the loan agreement, the vessel mortgage, and communications with Wells Fargo concerning the mortgage. *Id.*

Wells Fargo was personally served with the subpoena on June 23, 2026, at 464 California Street in San Francisco, California. *Id.* ¶ 5 & Ex. C. According to Glover, Wells Fargo did not produce the requested documents. *Id.* ¶ 7. Glover further states that the scheduled production deposition proceeded on July 15, 2026, at 3:00 p.m., but no one appeared on behalf of Wells Fargo. *Id.* ¶ 10. Before and after the scheduled deposition, Glover's counsel and counsel's staff made several attempts to contact Wells Fargo concerning the subpoena and the requested production. *Id.* ¶¶ 8-9; Loupe Decl. ¶¶ 4–10, ECF No. 1-2.

Glover now asks this Court to issue an order to show cause why Wells Fargo should not be held in civil contempt under Federal Rule of Civil Procedure 45(g). Glover further requests the Court order Wells Fargo to comply fully with the subpoena within five days, impose coercive sanctions of $1,000 per day for each day of continued noncompliance, and award Glover his reasonable attorneys' fees and costs.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 45(g) provides: "The court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." However, "while Rule 45

subpoenas are treated as court orders, '[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena.'" *Gordy v. Granlund*, 2019 WL 3753184, at *2 (N.D. Cal. Aug. 8, 2019) (quoting Advisory Comm. Note to 2013 Amendment to Rule 45(g)); *Erickson v. Builder Advisor Grp. LLC*, 2022 WL 1265823, at *2 (N.D. Cal. Apr. 28, 2022). Thus, "many courts have noted that before sanctions can be imposed under the Rule, there must be a court order compelling discovery." *Erickson*, 2022 WL 1265823, at *3 (cleaned up) (quoting *Poturich v. Allstate Ins. Co.*, 2015 WL 12766048, at *2 (C.D. Cal. Aug. 11, 2015)); *see also In re Plise*, 506 B.R. 870, 879 (B.A.P. 9th Cir. 2014) ("[I]n cases of nonparty subpoenas under Civil Rule 45, the court must first issue an order compelling the nonparty's compliance with the subpoena, and the nonparty must fail to comply with the order before any contempt sanctions can be awarded.").

## IV. DISCUSSION

Here, the record before the Court does not identify any prior order compelling Wells Fargo to comply with the subpoena. Rather, Glover's motion describes service of the subpoena, Wells Fargo's alleged failure to produce documents or appear for the scheduled deposition, and counsel's subsequent efforts to obtain compliance. Mot. 2–4. Glover then asks the Court to issue an order to show cause why Wells Fargo should not be held in civil contempt. *Id*. at 9. Thus, the motion does not establish Glover first sought and obtained an order compelling Wells Fargo's compliance before seeking contempt sanctions under Rule 45(g). On this record, contempt proceedings are premature. *See Erickson*, 2022 WL 1265823, at *2–3 (declining to award sanctions under Rule 45's contempt authority where there was no court order compelling discovery); *Gordy*, 2019 WL 3753184, at *2 (same); *Poturich*, 2015 WL 12766048, at *2–3 (same). Accordingly, Glover must first seek an order compelling Wells Fargo's compliance with the subpoena before the Court considers whether contempt sanctions are appropriate for continued noncompliance. *See In re Plise*, 506 B.R. at 879; *Erickson*, 2022 WL 1265823, at *2–3. If the Court orders Wells Fargo to comply and Wells Fargo thereafter fails to obey that order without adequate excuse, Glover may seek appropriate relief under Rule 45(g).

## V. CONCLUSION

For the reasons stated above, the Court **DENIES WITHOUT PREJUDICE** Glover's motion for an order to show cause why Wells Fargo Bank, National Association should not be held in civil contempt. The denial is without prejudice to Glover seeking an order compelling Wells Fargo's compliance with the subpoena and, if Wells Fargo thereafter fails to comply with such an order without adequate excuse, seeking appropriate relief under Rule 45(g).

**IT IS SO ORDERED.**

Dated: August 24, 2026

THOMAS S. HIXSON
United States Magistrate Judge